IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| THERESA SAND-SMITH, | CV 17-0004-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

Before the Court is Defendant Liberty Life Assurance Company of Boston's Motion to Dismiss. (Doc. 8). Also before the Court is Plaintiff Theresa Sand-Smith's Motion to Remand the case to the Thirteenth Judicial District Court, Yellowstone County. (Doc. 10). For the foregoing reasons, the Court DENIES both motions.

I. **Facts**

Liberty Life Assurance Company of Boston is an insurance company licensed to do business in Montana. (Doc. 6 at ¶ 2). Liberty Life fully insures a group disability income policy (the Policy) issued to Farmers Group, Inc. (Doc. 6 at ¶¶ 3-4). Theresa Sand-Smith, a Montana resident, is entitled to receive benefits under the Policy. (Doc. 6 at ¶ 3). On July 9, 2015, Liberty Life approved Sand-Smith's claim for long term disability benefits. (Doc. 6 at ¶ 6). Liberty Life

1

informed Sand-Smith that, under the policy, her long term disability benefits expired after 24 months. (Doc. 6 at ¶ 7). On August 17, 2016, Sand-Smith disputed Liberty Life's contention that her long term disability benefits expired after 24 months, citing a Montana mental health parity statute, Mont. Code Ann. § 33-22-706. (Doc. 24-4). Liberty Life maintained its position. (Doc. 25-5).

On November 30, 2016, Sand-Smith sued Liberty Life in Montana state district court for a declaratory judgment that the Policy did not limit her long term disability benefits to 24 months. (Doc. 6). Liberty Life removed the action to this Court on the basis of federal question jurisdiction, arguing the Policy and Sand-Smith's claim are governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., (ERISA). (Doc. 1). Sand-Smith agrees the Policy and claim are governed by ERISA. (Doc. 12 at 2).

## II. Discussion

### A. Motion to Dismiss

In support of its Motion to Dismiss, Liberty Life argues ERISA pre-empts application of Montana's mental health parity statute to the Policy. The Court does not address whether ERISA pre-empts Montana's mental health parity statute at this juncture because the Court finds Sand-Smith is entitled to seek a determination of her rights to future benefits under ERISA, whether the statute is pre-empted or not.

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

ERISA provides a civil action may be brought by a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Here, the complaint properly states a claim for relief provided for under ERISA. Sand-Smith seeks a determination of her rights to future benefits under the Policy. § 1132(a)(1)(B) expressly entitles her to that remedy. Whether ERISA pre-empts Montana's mental health parity statute will determine, in part, what her benefits actually are, but it does not affect Sand-Smith's right to seek that determination. The complaint therefore does not fail to state a claim.

### B. Motion to Remand

In support of her Motion to Remand, Sand-Smith argues the Court has discretion to remand the case based on the abstention principle articulated in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Sand-Smith further contends a district court's order to remand is not reviewable on appeal. Both of Sand-Smith's arguments are contrary to applicable law.

First, the Court has no discretion to remand even if remand was otherwise appropriate under *Wilton*. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). *Quackenbush* distinguished cases where federal courts have the power to issue abstention-based remand orders, such as suits brought under the Declaratory Judgment Act or suits in equity, from cases where federal courts have no power to issue abstention-based remand orders, such as suits for damages. 517 U.S. at 728-731. The Supreme Court concluded the power to remand a case based on the abstention doctrine derived from a district court's discretion to withhold relief; if a district court did not have discretion to withhold relief, it did not have the power to remand a case based on the abstention doctrine. *Quackenbush*, 517 U.S. at 731. Federal courts sitting in equity historically enjoyed discretion to withhold relief. *Quackenbush*, 517 U.S. at 727-728. Similarly, federal courts have discretion to

withhold relief under the Declaratory Judgment Act, which provides "[A]ny court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added); *see Quackenbush*, 517 U.S. at 718 (citing *Wilton*, 515 U.S. at 282); *see also Wilton*, 515 U.S. at 286-287 ("We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers discretion on the courts rather than an absolute right upon the litigant.").

Here, the Court has no discretion to withhold relief. The Court is not sitting in equity, and, unlike the Declaratory Judgment Act, nothing in ERISA grants the Court discretion to withhold relief. Although Sand-Smith's complaint asks for a declaratory judgment that clarifies her policy, she concedes she is seeking clarification of her right to future benefits under § 1132(a)(1)(B) of ERISA. (Doc. 12 at 2). § 1132(a)(1)(B) bestows discretion on the parties, not the Court. ("A civil action *may* be brought . . . by a participant or beneficiary . . . .") (emphasis added). Therefore, under *Quackenbush*, because the Court has no discretion to withhold relief, it has no power to grant an abstention-based remand order.

Next, although somewhat of an aside, an order to remand based on abstention is reviewable on appeal. Although 28 U.S.C. § 1447(d) provides "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," the Supreme Court has made clear § 1447(d)

5

bars appellate review only for remand orders based on the grounds specified in § 1447(c)—a defect in removal procedure or on lack of subject-matter jurisdiction. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-128 (1995). An abstention based remand order does not fall into either category. *Quackenbush*, 517 U.S. at 712. Therefore, were the Court to grant Sand-Smith's motion to remand on abstention grounds, the order would be immediately appealable to the Ninth Circuit. *See Quackenbush*, 517 U.S. at 716 (holding review of district court's abstention-based remand order was not barred by § 1447(d) and constituted a final order for purposes of appeal).

### III. Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 8) and the Motion to Remand (Doc. 10) are DENIED.

DATED this 28th day of March, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge