IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| THERESA SAND-SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br><br>Defendant. | CV 17-0004-BLG-SPW<br><br><br>ORDER |

Before the Court is Plaintiff Theresa Sand-Smith's motion for attorney fees. (Doc. 48).

On December 1, 2016, Sand-Smith filed a complaint seeking clarification of future benefits under her ERISA plan. (Doc. 6). On September 20, 2017, the Court granted summary judgment to Sand-Smith. (Doc. 47). On September 29, 2017, Sand-Smith moved for attorney fees. (Doc. 48). Attached to Sand-Smith's motion was the affidavit of her attorney, which detailed the time spent on Sand-Smith's case. (Doc. 49-1). Despite initially indicating it opposed the motion, Defendant Liberty Life never filed a response.

Generally, a motion for attorney fees must specify the judgment and the statute, rule, or other grounds entitling the movant to the award and state the amount sought or provide a fair estimate of it. Fed. R. Civ. P. 54(d)(2). The Court

1

must give an opportunity for adversary submissions. Fed. R. Civ. P. 54(d)(2)(C). Per local rule, the failure to file a response brief may be deemed an admission that the motion is well-taken. D. Mont. L.R. 7.1(d)(1)(B)(ii).

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 28 U.S.C. § 1132(g)(1). "Successful plaintiffs in ERISA suits should ordinarily recover fees unless special circumstances would render such an award unjust." *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003). The court considers five factors to determine whether an award of fees is appropriate: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees . . . would deter others from acting under similar circumstances; (4) whether parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Elliot*, 337 F.3d at 1148 (citing *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)).

Sand-Smith's motion satisfies Rule 54(d)(2)'s requirements because it appropriately cites the Court's order granting her summary judgment, 28 U.S.C. § 1132(g)(1), and *Elliot*, as the grounds entitling her to an award of attorney fees. Sand-Smith's motion is supported by an attached affidavit which details the time

2

her attorney spent on her case. (Doc. 49-1). The Court has given Liberty Life twenty-four days to respond to Sand-Smith's motion, which is ten more than it is entitled to. D. Mont. L.R. 7.1(d)(1)(B)(ii). Liberty Life has filed no response in that time, nor any motion for extension of time to respond. The Court finds Liberty Life's failure to respond to Sand-Smith's motion for attorney fees an admission that the motion is well taken. D. Mont. L.R. 7.1(d)(1)(B)(ii); *Brydges v. Lewis*, 18 F.3d 651, 652 (1994) ("when local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.").

IT IS HEREBY ORDERED that Sand-Smith's motion for attorney fees and costs (Doc. 48) is GRANTED. Sand-Smith is entitled to $28,340.00 in attorney fees and $293.47 in costs.

DATED this 23rd day of October, 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge