IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
DEC 19 2017
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| THERESA SAND-SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | CV 17-0004-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is Plaintiff Theresa Sand-Smith's motion for contempt (Doc. 55) and Defendant Liberty Life's motion to stay pending appeal (Doc. 58). For the foregoing reasons, the Court denies the motion for contempt and grants in part and denies in part the motion to stay pending appeal.

I.  **Procedural history**

On December 1, 2016, Sand-Smith filed a complaint seeking clarification of future benefits under her ERISA plan. Doc. 6. On September 20, 2017, the Court granted summary judgment to Sand-Smith. Doc. 47. On October 23, 2017, the Court awarded Sand-Smith attorney fees and costs. Doc. 51. The same day, judgment was entered in favor of Sand-Smith. Doc. 52. On November 14, 2017, Sand-Smith filed a motion for contempt on the ground that Liberty Life refused to reinstate her disability benefits after entry of judgment. Doc. 55. On November

1

21, 2017, Liberty Life filed its notice of appeal. Doc. 57. The same day, Liberty Life filed a motion to stay the Court's judgment pending appeal. Doc. 58.

## II. The Court's summary judgment order

Sand-Smith's complaint sought a narrow clarification of her long term disability plan. Sand-Smith's disability plan contained a provision that limited benefits to 24 months if her disability was a mental illness. Sand-Smith argued the mental illness provision was void because it conflicted with Montana's mental health parity law, Montana Code Annotated § 33-22-706. The Court granted summary judgment to Sand-Smith, concluding the plan's mental illness provision was void "because it conflict[ed] with Montana's mental health parity law." Doc. 47 at 16.

## III. Discussion

### A. Motion for contempt

A district court has wide discretion to enforce its lawful orders through civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. *In re Dual-Deck*, 10 F.3d at 695. A party should not be held in contempt if its actions are based on a good faith and reasonable interpretation of the court's order. *In re Dual-Deck*, 10 F.3d at 695. Civil

contempt must be demonstrated with clear and convincing evidence. *In re Dual-Deck*, 10 F.3d at 695.

Sand-Smith argues Liberty Life should be held in contempt because it refused to reinstate Sand-Smith's disability benefits after the entry of judgment. Liberty Life responds it did not refuse to reinstate Sand-Smith's disability benefits, but instead believed it was entitled to a stay of the judgment pending the outcome of an appeal.

The Court does not find by clear and convincing evidence that Liberty Life willfully violated the judgment. Liberty Life's belief that it was entitled to a stay, while incorrect (as discussed below), was reasonable. Although Liberty's Life belief should have caused it to file a motion to stay much sooner than it did, the Court is not convinced Liberty's Life delay amounts to a refusal to comply with the judgment. The motion for contempt is denied.

### B. Motion to stay

A party may obtain a stay pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d). A bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates her for delay in the entry of the final judgment. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). However, a stay by bond has little practical effect when the judgment is not for a sum certain. *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). The circuit courts

caution the right to a stay by bond should be limited to "money judgments." *Westphal*, 859 F.2d at 819; *Hebert*, 953 F.2d at 938; *Robbins v. Pepsi-Cola*, 800 F.2d 641, 643-644 (7th Cir. 1986); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *FTC v. TRW, Inc.*, 628 F.2d 207, 210 n. 3 (D.C. Cir. 1980). A "money judgment" consists of two elements: (1) an identification of the parties for and against whom judgment is being entered, and (2) a definite and certain designation of the amount which plaintiff is owed by defendant. *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense System, Inc.*, 665 F.3d 1091, 1101 (9th Cir. 2011) (interpreting 28 U.S.C. § 1961(a)) (citing *Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 275 (3rd Cir. 1984)). "Money judgments" entitle the plaintiff to collect interest if the judgment is affirmed on appeal. *Ministry of Defense*, 665 F.3d at 1102 (citing 28 U.S.C. § 1961(a)).

For purposes of this issue, the judgment consists of two portions: the award of attorney fees and costs and the summary judgment order. Sand-Smith agrees the award of attorney fees and costs is a money judgment and concedes Liberty Life is entitled to a stay of that award upon posting bond.

The summary judgment order, however, is not a money judgment. First, the summary judgment order does not state, or even refer, to any specified sum of money owed by Liberty Life to Sand-Smith. The issue decided on summary

judgment—and the basis for the entire lawsuit—was whether Montana's mental health parity law voided the mental illness limitation contained in the policy.

Second, although Liberty Life owes and will continue to owe Sand-Smith money due, in part, to the summary judgment order, the amount is not definite and certain. As stated in the summary judgment order, Sand-Smith's disability benefits are welfare benefits, which an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate." Doc. 47 at 6 (citing *Alday v. Raytheon Co.*, 693 F.3d 772, 782 (9th Cir. 2012)). The Montana legislature repealed and replaced the mental health parity law, upon which this case turned, effective January 1, 2018. 2017 Mont. Laws Ch. 245 (H.B. 142). The new mental health parity law applies to plans "offered to, renewed for, or issued to" Montana residents. 2017 Mont. Laws Ch. 245 (H.B. 142) (amending § 33-22-701). Disability insurance is no longer included in the mental health parity law. 2017 Mont. Laws Ch. 245 (H.B. 142) (repealing § 33-22-706). The Court will refrain from issuing an advisory opinion on how Sand-Smith's disability benefits may change under a renewed 2018 policy with the exact same language as the policy at issue in this case. *See Orzechowski v. Boeing Company Non-Union Long-Term Disability Plan, Plan Number 625*, 856 F.3d 686, 695 (9th Cir. 2017) (holding California law that regulated policies "offered or renewed" after January 1, 2012, applied to policy issued in 2011 because the policy was renewed in 2012). Suffice

to say that the future amount owed by Liberty Life is less than certain due to the fluid nature of ERISA welfare benefit plans. Liberty Life is not entitled to a stay by bond of the summary judgment order because the amount due is not definite and certain. *Ministry of Defense*, 665 F.3d at 1101.

Nonetheless, district courts possess discretion to stay a decision pending appeal based on the circumstances of the particular case. *Nken v. Holder*, 566 U.S. 418, 433 (2009). The traditional test for a stay consists of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Irreparable harm is a bedrock requirement for a stay. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). A party that fails to meet the minimum threshold showing of irreparable harm is not entitled to a stay, regardless of its showing on the other factors. *Leiva-Perez*, 640 F.3d at 965.

Irreparable harm requires more than "simply showing some possibility of irreparable injury." *Nken*, 556 U.S. at 434. Instead, a party must show "irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. Normally, the mere payment of money is not considered irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974). The possibility that adequate

compensatory or other corrective relief will be available at a later date weighs heavily against a claim of irreparable harm. *Sampson*, 415 U.S. at 90. In Montana, a party may have a restitution or unjust enrichment claim against a party to "recover what one has lost by the enforcement of a judgment subsequently reversed." *Progressive Direct Ins. v. Stuivenga*, 276 P.3d 867, 872 (Mont. 2012).

Here, Liberty Life has not met the threshold showing of irreparable harm. Normally, the payment of money is not considered irreparable. If this were a case where the appealing party faced financial hardship, it might present the exception to the rule. Instead, this case is quite the reverse. In Liberty Life's own words, it is "a subsidiary in a multi-billion dollar corporation." Doc. 58 at 3. Attached to Liberty Life's motion is a 2016 financial overview of the company that reports a revenue of $38.3 billion dollars. Doc. 58-1 at 7. It is Sand-Smith, the party that won below, that faces financial hardship without her disability benefits. Doc. 64-1 (Affidavit of Sand-Smith). Should Liberty Life be successful on appeal, it no doubt has the resources to pursue whatever legal remedies it is entitled to. An insufficient showing of irreparable injury obviates the need to analyze the other *Hilton* factors. *Leiva-Perez*, 640 F.3d at 965. Liberty Life's motion to stay is denied with respect to the summary judgment order.

## IV. Conclusion

Sand-Smith's motion for contempt is denied. Liberty Life's motion to stay the judgment is granted with respect to the attorney fees and costs portion. The order for attorney fees and costs is hereby stayed effective upon Liberty Life posting bond in the amount of $28,633.47 plus interest. Liberty Life's motion to stay the judgment is denied with respect to the summary judgment portion.

DATED this 18th day of December, 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge